SALCINES, Judge.
The public defender filed a brief pursuant to Anders[1] on behalf of Felipe Hernandez in fourteen cases. Additionally, during the pendency of this appeal, the public defender filed a motion to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), as to five of the fourteen cases, and amended sentences were properly entered in all but one of the five cases.[2] The failure to enter an amended sentence in case number 00-8074 appeared to be nothing more than an oversight because the trial court granted the motion as to the challenged sentence in that particular case, but did not enter an amended sentence when the remainder of the amended sentences were rendered. In response to this court’s order for merit briefing, the State conceded that this case must be remanded for the imposition of an amended sentence on the aggravated battery count in case number 00-8074. Accordingly, we affirm the convictions, the sentences, and the amended sentences, but remand case number 00-8074 for the imposition of an amended sentence on the aggravated battery conviction.
Affirmed in part and remanded.
BLUE, C.J., and DAVIS, J., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. State v. Hernandez, No. 00-8074 (Fla. 13th Cir.Ct.2001).